**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ASHRAF M. ABUHAMMOUDEH,**

    **Petitioner,**                         **CASE NO. 2:09-CV-0449
CRIM. NO. 2:08-CR-0014**
**v.**                                      **JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE E.A. PRESTON DEAVERS**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the instant motion, Respondent's Return of Writ, Petitioner's Traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that, upon Petitioner's submission of his written attorney-client waiver, counsel be appointed to represent Petitioner at an evidentiary hearing on his claim of ineffective assistance of counsel due to his attorney's alleged failure to advise him regarding the availability of or to arrange a meeting with the Government, such that he may have been eligible for a reduction in his sentence under the safety valve provision of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), § 5C1.2. Petitioner is **DIRECTED** to submit a written waiver of his attorney-client privilege as it relates to the claims raised in his § 2255 petition within fourteen (14) days of the date of this Report and Recommendation. Failure to do so may result in dismissal of this action.

**FACTS and PROCEDURAL HISTORY**

Petitioner's underlying conviction for conspiracy to possess with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by an illegal alien

in violation of 18 U.S.C. § 922(g) are the result of his March 27, 2008 negotiated plea agreement.

The United States Probation Office prepared a Presentence Investigation Report ("PSI") in advance of Petitioner's sentencing hearing. The quantity of cocaine at issue in the case resulted in an offense level of 26 under the advisory Guidelines. As relevant here, an additional two-level enhancement was assessed for Petitioner's possession of a loaded .357 caliber Rossi revolver at the time of the drug transaction. Petitioner also received a three-level reduction for acceptance of responsibility resulting in a final offense level of 25 with a corresponding Guideline sentencing range of 57-71 months. The drug offense carried a statutorily-mandated minimum sentence of five years (60 months) of imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B)(ii).

At the sentencing hearing on October 9, 2008, and as subsequently entered as a judgment on October 10, 2008, the District Judge accepted Petitioner's guilty plea and sentenced him to 65 months incarceration on both charges, such sentences to run concurrently, together with a period of five years of supervised release. With respect to the issues raised in the instant Petition, during the sentencing hearing, Petitioner's counsel successfully argued that the two-level enhancement for the possession of a firearm in connection with the drug transaction should not apply. Specifically, the District Judge concluded that the evidence regarding the firearm was too attenuated to the drug offense and, therefore, decreased Petitioner's final offense level by two points, from 25 to 23, which resulted in a Guideline sentencing range of 46-57 months. (Sentencing Transcript, pp. 4-18.) The statutory minimum of 60 months, however, still applied to the drug offense. Petitioner did not file an appeal.

On June 9, 2009, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. He asserts that he was denied effective assistance of counsel because his attorney failed to request a reduction

in his sentence under the safety valve provision of U.S.S.G. § 5C1.2.  Petitioner maintains that his attorney improperly persuaded him to plead guilty without explaining his options or exploring the possibility of alternative plea negotiations, persuaded Petitioner against filing an appeal, failed to investigate the law and facts of the case, and failed to object to imposition of an unreasonable sentence.  Petitioner complains that he did not receive benefit of a reduction in his recommended sentence under the safety valve provision of the Sentencing Guidelines and asserts that the District Court unreasonably and arbitrarily imposed a sentence higher than that recommended in the Pre-Sentence Investigation Report.  He requests an evidentiary hearing on these claims.

## ANALYSIS

Pursuant to section 2255, a prisoner in custody under sentence of a federal court may move the court to vacate, correct, or set aside the sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To prevail on a § 2255 motion that alleges constitutional error, such as the Petition here, the Petitioner must establish an error "of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

Generally, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *See, e.g., United States v. Frady*, 456 U.S. 152, 167–68, 102 (1982).  A defendant claiming ineffective assistance of counsel, however, often must develop the district court record.  The district court is better situated than the appellate court to assess the facts related to the adequacy of defense counsel.  Claims for ineffective assistance of counsel,

therefore, may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503–06 (2003)(holding that requiring a criminal defendant to bring ineffective assistance claims on direct appeal does not promote the objectives of the procedural-default rule to conserve judicial resources and to respect the law's important interest in the finality of judgments).

To establish a claim for ineffective assistance of counsel, a defendant must show both of the following: (1) counsel's performance was unreasonable because he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "When a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687–88. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'must be considered sound [] strategy." *Id*. "To establish prejudice, Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross v. United States*, 339 F.3d 483, 492 (6th Cir. 2003).

With respect to Petitioner's claim that his attorney improperly failed to request a downward departure in his recommended sentence and from the mandatory minimum term of 60 months under § 5C1.2 of the Guidelines, known as the "safety valve provision," that provision provides in relevant part as follows:

4

Limitation on Applicability of Statutory Minimum Sentences in Certain Cases

(a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841. . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

   (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

   (2) the defendant did not use violence or credible threats of violence *or possess a firearm or other dangerous weapon* (or induce another participant to do so) in connection with the offense;

   (3) the offense did not result in death or serious bodily injury to any person;

   (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

   (5) *not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan,* but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(b) In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily required minimum sentence is at least five years, the offense level

>applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17.

U.S.S.G. § 5C1.2 (emphasis added).[1] Under this provision, a district court may impose a sentence without regard to any statutory minimum sentence if the court finds that the defendant meets all of the criteria. Petitioner asserts that his attorney was ineffective because counsel never informed him of the availability of the safety valve and never argued to Court that he was entitled to it.

Respondent counters that Petitioner did not qualify for any reduction under this provision of the Sentencing Guidelines because Petitioner "never met nor offered to meet with the United States to make a statement to qualify for the safety valve." *Return of Writ*, at 1. Respondent acknowledges that the Court's ruling eliminating the enhancement for possessing a firearm in connection with the crime removes the first barrier for Petitioner to obtain the safety valve under §5C1.2(a)(2). Nonetheless, Respondent contends that Petitioner did not qualify for the safety valve and was not entitled to a reduction in sentence beneath the mandatory minimum term of 60 months incarceration because Petitioner never met with, or offered to meet with the government to truthfully provide all information he had concerning the offenses as required by § 5C1.2(a)(5). In response, however, Petitioner maintains that his attorney never advised him that he might qualify for such a reduction in his sentence, did not inform him of the requirements to qualify for such reduction, and never scheduled a meeting with the government so that he could provide such a statement. *See Petitioner's Traverse.*

---

[1] The safety valve provision of U.S.S.C. § 3553(f)(1)-(5) is the companion Guideline to the sentencing statute set forth at 18 U.S.C. § 3553(f)(1)-(5).

Petitioner has alleged facts which, if true, may entitled him to relief. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 59, (1985). A § 2255 petitioner generally is entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is mandatory "unless the record conclusively shows that the petitioner is entitled to no relief," such as where "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal citations and quotations omitted). If the record contains a factual dispute, the court "must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). The § 2255 petitioner's burden "for establishing an entitlement to an evidentiary hearing is relatively light." *Id.*

The Magistrate Judge, therefore, **RECOMMENDS**, upon Petitioner's submission of his written attorney-client waiver, that counsel be appointed to represent Petitioner at an evidentiary hearing on his claim of ineffective assistance of counsel due to his attorney's failure to advise him regarding, arrange a meeting with the government, or request a reduction in his sentence under U.S.S.G. § 5C1.2.

Petitioner is **DIRECTED** to submit a written waiver of his attorney-client privilege as it relates to the claims raised in his § 2255 petition within fourteen (14) days of the date of this Report and Recommendation. Failure to do so may result in dismissal of this action.

**NOTICE**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

    s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

Date: August 31, 2011